**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

**Case No.: 26-cv-21339-JTK/DSW**

**MARILYN ELIZABETH SEAY PROPST,**

**Plaintiff,**

**v.**

**JERRY D. MOORE, ET AL.,**

**Defendants.**

**REPORT AND RECOMMENDATION**
**TO DISMISS CASE WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. This case has been assigned to the Honorable Jeffrey T. Kuntz, and the undersigned is assigned to the case in accordance with Administrative Order 2025-11. [ECF Nos. 2, 11]. Upon thorough and careful review of the record, the undersigned respectfully recommends that this case be **DISMISSED WITHOUT PREJUDICE** for the reasons outlined below.

On February 26, 2026, pro se Plaintiffs Marilyn Elizabeth Seay Propst ("Plaintiff") and Charles Whitney Propst filed a Complaint against Defendants Jerry D. Moore, Jeffrey Bowers, Jane Doe 1, Jane Doe 2, George Sponagal, II, Isiack Sponagal, West Virginia, Georgia, Virginia Attorneys, Susan Whitlock, GA. D.A. (Evens), and State Solicitor Woodroof Catoosa. [ECF No. 1]. Contemporaneously, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"). [ECF No. 3]. The Court denied Plaintiff's motion because the Court was "unable to discern key pieces of Plaintiff's information that would assist the Court in making an informed decision" on the IFP Motion. [ECF No. 4]. The Court granted Plaintiff leave to file a typed or legibly handwritten IFP Motion for the court's consideration by April 17, 2026. *Id.* On April 17,

2026, Plaintiff refiled an IFP Motion [ECF No. 7], and on April 22, 2026, she filed an Amended Complaint [ECF No. 8]. Plaintiff—but not Charles Whitney Propst—filed both the renewed IFP Motion and the Amended Complaint. *See* [ECF Nos. 7, 8]. On June 30, 2026, the Court entered an Order to Show Cause to order Charles Whitney Propst to either pay the filing fee or submit an IFP Motion. [ECF No. 9]. The Court warned that failure to do so may result in dismissal of Charles Whitney Propst.

On July 27, 2026, the Court entered an Order dismissing Charles Whitney Propst from the case and dismissing the Amended Complaint without prejudice as a shotgun pleading. [ECF No. 10]. In the Order, the Court ordered Plaintiff to file a second amended complaint and a renewed IFP Motion by or before August 26, 2026. *Id.* The Court cautioned that failure to do so may result in dismissal of the action. *Id.* To date, Plaintiff has filed neither a second amended complaint, nor has she filed a renewed IFP Motion.

When a plaintiff fails to comply with the Court's orders, as in this case when the Court gave Plaintiff the opportunity to demonstrate her indigency and file a second amended complaint, "[f]ederal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Acosta v. Soc. Sec. Admin.,* No. 25-CV-23879, 2025 WL 3897565, at *2 (S.D. Fla. Dec. 16, 2025), *report and recommendation adopted*, No. 25-23879-CIV, 2026 WL 36458 (S.D. Fla. Jan. 6, 2026); *accord Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017). "The goal of this sanction is 'to prevent undue delays in the disposition of pending cases and to avoid congestion in the' court's calendar so that the court can 'achieve the orderly and expeditious disposition of cases.'" *Acosta*, 2025 WL 3897565, at *2.

The Court has already given Plaintiff the opportunity to refile an IFP Motion and a second amended complaint by August 26, 2026, and has warned Plaintiff that failure to do so may result

in dismissal. *See* [ECF No. 10]. Plaintiff has still failed to comply with the Orders and her failure to comply has caused delay in this case. For these reasons, the undersigned hereby **RECOMMENDS** that the Court exercise its inherent power to **DISMISS** this case without prejudice.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1). Any response shall be filed within **seven (7) days** of the objections. The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 1st day of September, 2026.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc: All Counsel of Record

Marilyn Elizabeth Seay Propst, Pro Se
60 Hoover Drive, Apt. A
Brandywine, WV 26802